AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **ORDER OF DETENTION PENDING TRIAL** |
| John Williamson, | Case Number: 07-194M |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC 841   .
  - ☐ under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED

OCT 1 2 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence   that

Based on the information before the Court, including that provided by the probation office as well as the parties by proffer during the detention hearing, the Court finds that the Defendant has failed to rebut the statutory presumption that no combination of conditions could reasonably assure the safety of the community between now and the time of trial and that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

the nature and circumstances of the offense: the Defendant is accused of participating in a large cocaine distribution conspiracy in South Carolina, extending from 2001 until 2007, and involving more than 5 kilograms of cocaine, with a street value in excess of $125,000. Two other individuals participated in this conspiracy, at least one of which has pled guilty to related charges.

the weight of the evidence: is strong. A grand jury in the District of South Carolina found probable cause that the Defendant committed the crime with which he is charged.

the history and characteristics of the Defendant: The Defendant appears to have significant ties to Delaware, his current place of residence. He has the support of his fiancé, mother, father, and sister, all of whom were present for the detention hearing. He has maintained employment in Delaware. When he learned of the charges pending against him in South Carolina, he attempted to retain counsel, apparently in an effort to turn himself in. Weighing against all of this, however, is Defendant's criminal history, which includes two felony convictions in Delaware in or around 1996 for carrying a concealed deadly instrument.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: the drug conspiracy in which the Defendant was allegedly engaged posed a substantial danger to the community. The Defendant has demonstrated some danger with his dangerous instrument convictions as well.

AO 472  (Rev. 12/03) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_October 12, 2007_
Date

_/s/ Leo P. S._
Signature of Judge

**Leonard P. Stark U.S. Magistrate**
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).